# EXHIBIT A

| **SUMMONS - CIVIL**<br>JD-CV-1  Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.** | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>**123 Hoyt Street, Stamford, CT 06905** | Telephone number of clerk<br>**(203 ) 965 – 5308** | Return Date (Must be a Tuesday)<br>**February 21, 2023** |
|---|---|---|
| ☒ Judicial District   G.A.<br>☐ Housing Session ☐ Number: | At (City/Town)<br>**Stamford** | Case type code (See list on page 2)<br>Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>**Fletcher Moore, Moore Kuehn PLLC, 30 Wall Street, 8th Floor, NY, NY 10005** | Juris number (if attorney or law firm)<br>**432445** |
|---|---|
| Telephone number<br>**(203 )650 – 0415** | Signature of plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>**fmoore@moorekuehn.com** |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name:  **Mr. Roy Williams**<br>Address: **158 Triune Trace, Elizabethtown, Kentucky 42701-5349** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  **Synchrony Financial**<br>Address: **777 Long Ridge Rd, Stamford, CT 06905** ← | D-01 |
| **Additional defendant** | Name:  **Synchrony Bank**<br>Address: **170 W Election Rd Ste 125 Draper, UT, 84020-6425** | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**1/20/203** | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**Fletcher Moore** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | *For Court Use Only*<br>File Date<br><br>ATTEST:<br>**A TURE & ACCURATE COPY**<br>**G. CHRISTIANSEN**<br>**CT STATE MARSHAL** |
|---|---|

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   Do not use this summons for the following actions:
   - (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   - (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   - (c) *Applications for change of name*
   - (d) *Probate appeals*
   - (e) *Administrative appeals*
   - (f) *Proceedings pertaining to arbitration*
   - (g) *Summary Process (Eviction) actions*
   - (h) *Entry and Detainer proceedings*
   - (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 60 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

**RETURN DATE: FEBRUARY 21, 2023**

| | |
|---|---|
| ROY WILLIAMS, individually, and on behalf of all others similarly situated, | SUPERIOR COURT |
| Plaintiff, | JUDICIAL DISTRICT OF |
| | STAMFORD / NORWALK |
| v. | AT STAMFORD |
| SYNCHRONY BANK and SYNCHRONY FINANCIAL, | January 23, 2022 |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Roy Williams ("Plaintiff") individually and on behalf of all others similarly situated, brings this action against Defendants Synchrony Bank ("SB") and Synchrony Financial ("SF") (collectively "Synchrony") and states as follows based upon investigation of counsel and information and belief except as to Plaintiff's own transactions which are based upon his own knowledge:

### I.    NATURE OF THE ACTION

1.    This is an action against Synchrony under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. 1681 et .seq., specifically Section 604 which prohibits a person/entity from using or obtaining a consumer report from a credit reporting agency unless the person entity is permitted to do so under the statute.

2.    The FCRA requires, *inter alia*, the consumers' consent or a credit application before a credit reporting agency ("CRA") can furnish a consumer report to creditors, or those seeking to solicit the consumer to open a credit facility, such as Defendants here.

3.    Consumers credit scores are negatively affected by inquires to creditors for extension, modification or increase in credit facilities to a consumer. Among the negative effects are lower credit

1

scores, higher interest rates, refusal to extend credit and refusal to temporarily or permanently increase credit limits.

4.      As a result, consumers <u>do not</u> knowingly and willingly allow creditors to obtain the consumers' credit report from a CRA unless the consumer has made a specific request or application for credit, or modification of existing credit.

5.      Here, Defendants have made "hard" pulls to CRAs for information on Plaintiff, defined as making an inquiry to a CRA for information about Plaintiff for a credit application. When a "hard pull" is made without complying with the FCRA it is referred to herein as an "impermissible hard pull."

6.      Because Plaintiff does not have business relationship with Defendants and did not apply for any extension of credit, Defendants have violated the FCRA as described herein by performing an "impermissible hard pull," in order to solicit Plaintiff to seek a credit line from Defendants.

7.      Plaintiff brings  this  action individually and on behalf of all similarly situated "consumers" seeking redress from the actions of Defendants in knowingly or negligently obtaining Plaintiff's consumer report, in violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 et seq.

8.      As a result, Plaintiff has been damaged and is entitled to relief under FCRA.

## II.      THE PARTIES

9.      Plaintiff Roy Williams is a "consumer" under FCRA and natural person over 18 years of age who, at all times relevant, resided in Kentucky.

10.      Defendant Synchrony Financial ("SF") is a Delaware corporation headquartered in Stamford, Connecticut at 777 Long Ridge Road. It is the parent company of Defendant Synchrony Bank.

2

11.     Defendant Synchrony Bank ("SB") is an FSB licensed to do business in Connecticut with its headquarters in Utah.

### III.     JURISDICTION AND VENUE

12.     Defendants are "financial institutions" as defined by 15 U.S.C. § 1681a(t).

13.     Defendants are "persons" and "users" under FCRA 1681a(b) and 1681(b)(f).

14.     This Court has jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. 1681(p) and Connecticut General Statutes 52-10.

15.     Venue is proper in this District pursuant to CGA SEC 51-345(3) as Defendant Bank resides in and engages in substantial business activity in this Judicial District.

### IV.     CLASS ALLEGATIONS

16.     This action is brought as a class action under Sections 9-7, 9-8, 9-9 and 9-10 of the Connecticut Practice Book.

#### A.     Class Definition

17.     Plaintiff defines the putative class in this litigation as follows:

> All "consumers" within the United States who had an "impermissible hard pull" performed on his or her consumer report by Defendants who had not previously authorized a hard inquiry, did not have a business relationship with Defendant and did not apply for any extension of credit by or through Defendant.

18.     Excluded from the class are employees of the Defendants.

#### B.     Certification Requirements

19.     This action is suitable for resolution on a class-wide basis under the requirements of Connecticut Practice Book Sections 9-7 *et seq*.

20.     Numerosity: The class is composed of thousands of class members, the joinder of whom in one action is impractical. The class is ascertainable and identifiable from defendants' records and documents.

3

21.     Commonality: Questions of law and fact common to the class exist as to all members

of the class and predominate over any questions affecting only individual members of the class. These

common issues include, but are not limited to:

       a.   Whether Defendants has acted willfully or otherwise unlawfully;

       b.   Whether Defendants has engaged in improper FCRA practices;

       c.   Whether Defendants have initially or negligently violated FCRA;

       d.   Whether Defendants' conduct has violated FCRA;

       e.   Whether Defendants' breaches of federal law caused injury to the
Plaintiff and class members; and

       f.   Whether the Plaintiff and the class members are entitled to an
aware of compensatory damages or other relief.

22.     Typicality: Plaintiff's claims are typical of the claims of the other class members.

Plaintiff and the other class members have been injured by the same wrongful practices. Plaintiff's

claims arise from the same practices and course of conduct that give rise to the other class members'

claims and are based on the same legal theories.

23.     Adequate Representation: Plaintiff will fully and adequately assert and protect the

interests of the other class members. In addition, Plaintiff has retained class counsel who are

experienced and qualified in prosecuting class action cases. Neither Plaintiffs nor his attorneys have

any interests conflicting with class members' interests.

24.     Predominance and Superiority: This class action is appropriate for certification

because questions of law and fact common to the members of the class predominate over questions

affecting only individual members, and a class action is superior to other available methods for the

fair and efficient adjudication of this controversy, since individual joinder of all members of the class

is impracticable. Should individuals be required to being separate actions, courts would be confronted

with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent

4

rulings and contradictory judgments. This class action presents fewer management difficulties while providing unitary adjudication, economics of scale and comprehensive supervision by a single Court.

25.     Injunctive Relief: The prosecution of the claims of the putative class in part for injunctive relief is appropriate because Defendants have acted, or refused to act, on grounds generally applicable to the putative class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, for the putative class as a whole.

## V.     FACTUAL ALLEGATIONS

26.     PayPal Credit is an open-end (revolving) credit card account that provides a reusable credit line built into your PayPal account giving you the flexibility to pay for your purchases right away or pay over time.

27.     Defendants are the issuers of the "PayPal Cashback MasterCard" account card.

28.     Defendants are "furnisher of information" and "users" as defined by 15 U.S.C. § 1681s-2.

29.     Defendants are "financial institution" as defined by 15 U.S.C. § 1681a(t).

30.     PayPal Credit was offered by and through Defendants.

31.     Synchrony obtained detailed private information about Plaintiff by accessing Plaintiff's credit files through a hard inquiry from CRAs.

32.     Plaintiff did not have a business relationship with PayPal Credit when the impermissible hard pull was performed.

33.     Plaintiff did not apply for PayPal Credit before or in connection with the impermissible hard pull.

34.     Defendants' internal records will demonstrate that Plaintiff did not apply for PayPal Credit before or in connection with the impermissible hard pull.

35.     The FCRA regulates permissible uses and access to consumer reports and creates a private right of action for knowing and/or reckless violations. FCRA 1681(b).

5

36.     FCRA 1681(b)f describes the circumstances under which "users" such as Defendants can use or obtain a consumer report. 15 U.S.C. 1681(b)(f)(1).

37.     Defendants intentionally misrepresented to CRA that Plaintiff had an existing relationship with Defendants or initiated the transaction.

38.     Defendants' misrepresentations resulted in CRAs releasing highly confidential and sensitive personal information concerning Plaintiff to Defendants.

39.     Defendants' false certifications resulted in CRA's releasing highly confidential and sensitive personal information concerning Plaintiff and Defendants.

40.     At no time did Plaintiff request or obtain credit with Defendants at the time Defendants' requests were made.

41.     At no time did Plaintiff authorize Defendants to obtain a consumer report at the time Defendants requests were made.

42.     Defendants knowingly and willfully accessed and obtained and used Plaintiff's consumer reports from CRAs without the consent of Plaintiff.

43.     Defendants have engaged in a pattern and practice of accessing, obtaining and using consumer reports without a permissible purpose.

44.     Defendants have engaged in a pattern and practice to access consumer reports knowingly or recklessly or negligently without a permissible purpose.

45.     Despite numerous persons complaining about illegal access to consumer credit reports, Defendants intentionally, knowingly, recklessly or negligently failed to correct their pattern and practice of accessing these reports without authorization.

46.     Defendants have engaged in a pattern of wrongful and unlawful behavior with respect to accessing and obtaining consumer credit files and consumer credit reports.

47.     Defendants both negligently and willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer reports.

6

48.     Defendants have done nothing to remedy the illegal behavior, which persists on a systemic basis.

### IMPACT OF DEFENDANTS' IMPERMISSIBLE PULLS OF PLAINTIFF'S CREDIT FILE LOWERED PLAINTIFF'S CREDIT RATING

49.     The conduct of Defendants has caused Plaintiff damages in the form of invasion of privacy, and the risk of decreased credit scores.

50.     According to Fair Isaac and Company ("FICO"), credit inquiries are 10% of a person's overall FICO score:



*See* https://www.myfico.com/credit-education/credit-scores/new-credit (last visited November 30, 2018).

51.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered injury to his reputation.

52.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered injury to his credit rating.

53.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered a diminished credit line.

54.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered the loss of ability to obtain credit.

55.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered the loss of ability to purchase from a credit line.

56.     As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered the loss of ability to benefit from a credit line.

57.     Due to Defendants' conduct, Plaintiff is entitled to punitive damages, statutory damages, attorney's fees and all other appropriate measures to punish and deter similar future conduct by Defendants.

## CAUSE OF ACTION

### VIOLATIONS OF SECTION 1681(b) OF FCRA ASSERTED
### ON BEHALF OF PLAINTIFF AND THE FCRA IMPERMISSIBLE PULL CLASS

58.     Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

59.     Plaintiff, individually and on behalf of the "FCRA Impermissible Pull Class," asserts the following individual and class-based claims..

60.     As set forth above, Defendants routinely obtained the credit reports of Plaintiff and putative class members through "hard" inquiries.

61.     As set forth above, Defendants has engaged in a policy and/or practice of pulling credit reports of other people (the "Putative Class Members") without the permission of Putative Class Members.

62.     As set forth above, Defendants engaged in a policy and/or practice of pulling credit reports of other people (the "Putative Class Members") in the absence of any permissible purpose.

63.     Defendants willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit reports and the credit reports of each of the Putative Class Members without any permissible purpose under the FCRA.

8

64.     Plaintiff and members of the putative class were harmed by the misconduct of Defendants in at least the following ways: Defendants routinely accesses consumer credit reports with no permissible purpose which resulted in cognizable harm in the form of diminished credit scores resulting directly from the impermissible credit pulls.

65.     Plaintiff and members of the putative class were harmed by Defendants' conduct because the impermissible pull of their credit reports plausibly contributed to a lower credit score.

66.     Defendants violations have deprived Plaintiff and members of the putative class of their right to control their own personal information.

67.     The right to control their own personal information is a major aspect of privacy that is protected by the FCRA.

68.     Members of the proposed class are so numerous that the individual joinder of all of its members is impracticable.

69.     While the exact number and identities of the members are unknow to Plaintiff at this time, and can only be ascertained through appropriate discovery.

70.     Plaintiffs informed and believes that the proposed class include thousands of members who can be ascertained by the records maintained by Defendants.

71.     A ministerial review of Defendants records will reflect similarly situated putative class members who were subjected the identical fact pattern – impermissible credit pulls by Defendants without the knowledge and authority of class members.

72.     The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Putative Class, and Defendants treated Plaintiff consistent with other members of the Putative Class.

9

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, ROY WILLIAMS, on behalf of the above proposed class, respectfully requests that this Honorable Court enter judgment in his favor and in favor of a proposed class, and against Defendants, as follows:

      a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

      b. Order the deletion or modification of all adverse credit reporting relating to Defendants' credit inquiries;

      c. Award Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

      d. Award Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

      e. Award Plaintiff and the class members punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

      f. Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

      g. Award any other relief as this Honorable Court deems just and appropriate.

Plaintiff demands trial by jury.

Dated: January 23, 2023

MOORE KUEHN, PLLC

*Fletcher Moore*

Fletcher Moore (Juris # 432445)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 709-824
fmoore@moorekuehn.com

SQUITIERI & FEARON, LLP
Lee Squitieri (Pro Hac Vice Motion Forthcoming)
305 Broadway, 7th Floor
New York, New York 10007
(212) 421-6492
lee@sfclasslaw.com
*Attorneys for Plaintiff*

10

**RETURN DATE: FEBRUARY 21, 2023**

| | |
|---|---|
| ROY WILLIAMS, individually, and on behalf of all others similarly situated, | SUPERIOR COURT |
| Plaintiff, | JUDICIAL DISTRICT OF |
| v. | STAMFORD / NORWALK |
| SYNCHRONY BANK and SYNCHRONY FINANCIAL, | AT STAMFORD |
| Defendants. | January 23, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is greater than Fifteen

Thousand Dollars ($15,000,000.00).

Dated: January 23, 2023

MOORE KUEHN, PLLC

*Fletcher Moore*

Fletcher Moore (Juris # 432445)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 709-824
fmoore@moorekuehn.com

SQUITIERI & FEARON, LLP
Lee Squitieri (Pro Hac Vice Motion
Forthcoming)
305 Broadway, 7th Floor
New York, New York 10007
(212) 421-6492
lee@sfclasslaw.com
*Attorneys for Plaintiff*

11

George E. Christiansen
CT State Marshal
P.O. Box 2918
Stamford, CT 06906
203 667-3377

STATE OF CONNECTICUT )
                     ) SS: Stamford          01/25/2023
COUNTY OF FAIRFIELD  )

REF: Mr. Roy Williams vs. Synchrony Financial; Synchrony Bank

Then and There, By virtue hereof, I made service of the within,

1. SUMMONS – CIVIL
2. CLASS ACTION COMPLAINT
3. STATEMENT OF AMOUNT IN DEMAND

On:

Synchrony Financial

By leaving a True and Attested copy thereof, with my doings there on endorsed with and served as an **IN-HAND** service

on:

Synchrony Financial
Trayvis Keht, Security Supervisor accepted service in the usual manner.

At:

77 Long Ridge Rd
Stamford, CT 06905

Attest:

George E. Christiansen
CT State Marshal

Trayvis!
Keht
Security
Supervisors

anyone on the grounds because of Covid-19.

George E. Christiansen
CT State Marshal
P.O. Box 2918
Stamford, CT 06906
203 667-3377

STATE OF CONNECTICUT )
                      ) SS: Stamford          01/26/2023
COUNTY OF FAIRFIELD   )

REF: Mr. Roy Williams vs. Synchrony Financial; Synchrony Bank

Then and There, By virtue hereof, I made service of the within,

    1. SUMMONS – CIVIL
    2. CLASS ACTION COMPLAINT
    3. STATEMENT OF AMOUNT IN DEMAND

On:

Synchrony Bank

By leaving a True and Attested copy thereof, with my doings there on endorsed with and served as an **Certified Mail 7021 1970 0001 6942 0779 with Return Signature Card** service

on:

Synchrony Bank

At:

170 W Election Rd.
Ste 125
Draper, UT 84020-6425

Attest:

George E. Christiansen
CT State Marshal

: on the grounds because of Covid-19.